IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                  No. 4:10CR00059 JLH

NICHOLAS ANTHONY NORMAN                                                      DEFENDANT

**OPINION AND ORDER**

Nicholas Anthony Norman has filed a motion for a bill of particulars and a motion to suppress evidence. For the reasons that follow, both motions are denied.

**I.**

The indictment against Nicholas Anthony Norman states, in pertinent part:

From January 2007 through October 2007, in the Eastern District of Arkansas, the defendant, Nicholas Anthony Norman not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923, and 924(a)(1)(D).

Norman's motion for a bill of particulars asserts that the indictment is insufficient to allow him to prepare for trial or prevent surprise. He requests a bill of particulars to include the following: each firearm allegedly sold in violation of 18 U.S.C. §§ 922(a)(1)(A), 923, and 924(a)(1)(D); each firearm allegedly received in violation of 18 U.S.C. §§ 922(a)(1)(A), 923, and 924(a)(1)(D); each person a firearm was allegedly sold to in violation of 18 U.S.C. §§ 922(a)(1)(A), 923, and 924(a)(1)(D); each person a firearm was allegedly received from in violation of 18 U.S.C. §§ 922(a)(1)(A), 923, and 924(a)(1)(D); each out-of-state location a firearm was allegedly sold to in violation of 18 U.S.C. §§ 922(a)(1)(A), 923, and 924(a)(1)(D); each out-of-state location a firearm was allegedly received from in violation of 18 U.S.C. §§ 922(a)(1)(A), 923, and 924(a)(1)(D); each shipment alleged to have been sent without informing the shipping company about the contents of

the shipment; and all other overt acts attributed to the defendant that were allegedly in violation of the law.

An indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables the defendant to plead an acquittal or conviction as a bar to future prosecutions of the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907, 41 L. Ed. 2d 590 (1974). An indictment is generally sufficient if it states the offense in the words of the statute itself, so long as it unambiguously states the elements of the offense. *Id*. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the government to file a bill of particulars. "'The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial.'" *United States v. Little*, 562 F.2d 578, 581 (8th Cir. 1977) (quoting *United States v. Miller*, 543 F.2d 1221, 1224 (8th Cir. 1976)).

Here, the indictment charges that Norman willfully engaged in the business of dealing in firearms while he was not a licensed dealer of firearms in violation of specified statutes from January 2007 through October 2007. It thus contains the elements of the offense charged and fairly informs Norman of the charge against which he must defend. Moreover, it contains sufficient specificity to enable him to plead an acquittal or conviction as a bar to future prosecutions for the same offense. The indictment is therefore sufficient. *Cf. United States v. Torres*, No. CR-09-01733-TUC-JMR(JCG), 2010 WL 3190659, *5 (D. Ariz. June 21, 2010) (holding that an indictment was sufficient when it charged the defendant with willfully engaging in the business of dealing firearms without a license during a specified period of time).

Moreover, the United States has informed the Court that it has complied with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and will comply with its obligation to supplement its disclosures. The disclosures required by Rule 16(a)(1)(E) include all of the papers, documents, data, and tangible objects that the government intends to use in its case in chief at trial. That information should be sufficient to enable Norman to prepare for trial and to avoid surprise. *Id*. A bill of particulars is not required when information needed for a defendant to prepare for trial can be obtained through some other satisfactory form, such as where the government has an open-file policy or has otherwise disclosed the information to the defendant. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). *See also United States v. Urban*, 404 F.3d 754, 771-72 (3rd Cir. 2005); *United States v. Barnes*, 158 F.3d 662, 665-66 (2nd Cir. 1998); *United States v. Stephenson*, 924 F.2d 753, 761-72 (8th Cir. 1991).

The motion for a bill of particulars is therefore denied.

**II.**

United States Magistrate Judge Henry L. Jones issued a search warrant on September 16, 2007, authorizing a search of Norman's residence. The warrant was executed on October 3, 2007. Norman contends that probable cause for the issuance of the warrant was lacking and therefore the evidence seized during the search should be suppressed.

The warrant was based on the probable cause affidavit of Edwin E. Starr, a special agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives. The probable cause affidavit relied in part on information provided by a confidential informant. Norman contends that the affidavit was inadequate because the reliability of the confidential informant was not established and because the

statements in the affidavit relating to the premises in which the objects were found were no more than conclusions based on suspicion.

To be valid under the fourth amendment a search warrant must be supported by probable cause. *United States v. Salamasina*, 615 F.3d 925, 931 (8th Cir. 2010). "'Probable cause to issue a search-warrant exists when the supporting affidavit sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Lakoskey*, 462 F.3d 965, 977 (8th Cir. 2006) (quoting *United States v. Sundby*, 186 F.3d 873, 875 (8th Cir. 1999)). "A magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331, 76 L. Ed. 2d 527 (1983) (citation omitted) (internal quotation marks omitted). "When the affidavit is based substantially on information provided by an informant, evidence of the informant's reliability, veracity, and basis of knowledge is highly relevant to the probable cause determination." *United States v. Ketzeback*, 358 F.3d 987, 991 (8th Cir. 2004) (citation omitted). Evidence of the informant's credibility is not, however, an independent requirement for probable cause that must be rigidly required in every case. *Id*. Rather, whether probable cause exists is determined through a "practical, common-sense" evaluation of the totality of the circumstances. *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332.

Here, Starr stated in his affidavit that a confidential informant reported that he had heard comments made by Norman at the Sherwood Pawn Shop in Sherwood, Arkansas, boasting about profits he had made from selling firearms. The confidential informant stated that Norman had placed advertisements in the local newspaper offering to sell firearms and identified a specific firearm that Norman had purchased from Sherwood Pawn and sold through an advertisement in the newspaper.

The confidential informant described Norman's activities of selling firearms at auction sites such as GunBroker.com, as well as seeing Norman ship firearms. The confidential informant also described seeing firearms in safes in Norman's house.

Although the affidavit does not say whether the confidential informant had supplied reliable information previously, the affidavit describes an extensive investigation by which Starr corroborated the information provided by the confidential informant. Starr went to the website of GunBroker.com and viewed online records of firearm transactions for "ARubicon," which he confirmed to be the screen name for Norman. The feedback section of the website included comments from persons thanking "Nick" for the firearms sold. Starr found a listing for ARubicon on another website that described ARubicon as self-employed in Arkansas and interested in guns and jeeps. Again, a comment on the website referred to ARubicon as Nick. Starr also reviewed records of firearm sales from Sherwood Pawn and compared them with firearms offered for sale by ARubicon on GunBroker.com, and he found several firearms listed for sale by ARubicon shortly after they were purchased by Norman from Sherwood Pawn. A grand jury subpoena issued to the company that runs GunBroker.com produced evidence showing that one of two users associated with the name of ARubicon was Nicholas Norman. Another grand jury subpoena obtained Norman's bank records for several months in 2007. Numerous out-of-state checks, some of which specified that they were payments for firearms or ammunition, had been deposited into Norman's account.

"Information from a confidential informant is reliable if the informant has a history of supplying reliable information or if the information provided by the informant is independently corroborated." *United States v. Neal*, 528 F.3d 1069, 1073 (8th Cir. 2008) (citation omitted). "Even where an informant does not have a track record of supplying reliable evidence, the information may

5

be considered reliable if it is corroborated by independence evidence." *United States v. Warford*, 439 F.3d 836, 841 (8th Cir. 2006) (citation omitted). As stated, Starr independently corroborated the information provided by the confidential informant.

Moreover, even if probable cause did not exist, the good faith exception would apply here.

> Where a search is conducted pursuant to a warrant, the good faith exception to the exclusionary rule applies, and evidence should not be suppressed due to an absence of probable cause unless the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

*Id.* (quoting *United States v. Leon*, 468 U.S. 897, 923, 104 S. Ct. 3405, 3421, 82 L. Ed. 2d 677 (1984)).

Therefore, the motion to suppress is denied.

## CONCLUSION

For the reasons stated, Norman's motion for a bill of particulars and motion to suppress are DENIED. Documents #14 and #15.

IT IS SO ORDERED this 30th day of June, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE