AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 19 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT
## Eastern District of Arkansas

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| NICHOLAS ANTHONY NORMAN | ) | Case Number: 4:10CR00059 JLH |
| | ) | USM Number: 25798-009 |
| | ) | William O. James, Jr./George B. Morledge, IV |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   Count 1 of Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) | Dealing in firearms without a license, a Class D felony | October, 2007 | 1 |

   The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) ___N/A___ ☐ is ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 19, 2012
Date of Imposition of Judgment

_[signature]_
Signature of Judge

J. LEON HOLMES, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

January 19, 2012
Date

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page 2 of 5

DEFENDANT: NICHOLAS ANTHONY NORMAN
CASE NUMBER: 4:10CR00059 JLH

# PROBATION

The defendant is hereby sentenced to probation for a term of :

## TWO (2) YEARS

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 4A — Probation

Judgment—Page   3   of   5

DEFENDANT:      NICHOLAS ANTHONY NORMAN
CASE NUMBER:    4:10CR00059 JLH

## ADDITIONAL PROBATION TERMS

14) The defendant must participate in mental health counseling under the guidance and supervision of the U.S. Probation Office.

15) The defendant must disclose financial information upon request of the U.S. Probation Office, including, but not limited to, loans, lines of credit and tax returns. This also includes records of any business with which the defendant is associated. No new lines of credit may be established without prior approval of the U.S. Probation Office until all criminal penalties have been satisfied.

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT:     NICHOLAS ANTHONY NORMAN
CASE NUMBER:   4:10CR00059 JLH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 1,000.00 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: NICHOLAS ANTHONY NORMAN
CASE NUMBER: 4:10CR00059 JLH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  X  Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

**The fine is payable beginning the first month of probation. Payments will be 10 percent per month of defendant's monthly gross income.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
**See attached FINAL ORDER OF FORFEITURE entered on January 19, 2012**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v. No. 4:10CR00059 JLH

NICHOLAS ANTHONY NORMAN

FINAL ORDER OF FORFEITURE

WHEREAS, on September 28, 2011, this Court entered a Preliminary Order of Forfeiture, ordering defendant to forfeit his interest in the following:

**One Stag Arms, .556 caliber rifle, bearing serial number 21055,**

**One Sig Sauer pistol, model P232, 9mm caliber, bearing serial number S226340, with one magazine,**

**One Remington model 700 model rifle, bearing serial number E6529735,**

**One Remington model 870 shotgun, bearing serial number B554604M,**

**One Browning .22 caliber rifle, with no visible serial number,**

**One Remington shotgun, bearing serial number AB280743N,**

**One Stag Arms rifle, bearing serial number 21069,**

**One Browning shotgun, bearing serial number 7G23292,**

**One Remington shotgun, bearing serial number 1170375V,**

**One Remington .22 rifle, bearing serial number 1205090,**

**One Interarms .223 caliber rifle, bearing serial number 156001,**

**One Daewoo precision industries rifle, bearing serial number 323528,**

**One Valmet (Finland) .223 caliber rifle, bearing serial number 158259,**

**One Hunter Arms Co., double barrel shotgun, with no visible serial number,**

**One Mauser pistol, bearing serial number 277277,**

**One Kimber pistol model Warrior, bearing serial number K165896,**

**One Taurus .38 special caliber revolver, bearing serial number SJ88130,**

**One Norinco ACC model 320 rifle, bearing serial number MSA08003,**

**One Norinco SKS rifle, bearing serial number 9450507,**

**One Enterprise Arms rifle, bearing serial number 16352,**

**One Colt AR-15 rifle, bearing serial number SP340262,**

**One MAK-90 rifle, bearing serial number 38184,**

**One Remington 870 12 gauge shotgun, with no visible serial number,**

**One Ruger .22 caliber rifle, bearing serial number 112-50406,**

**One H&R revolver model 949 .22 LR caliber, bearing serial number AX156985, and**

**One Beretta model 3032 Tomcat .32 auto, bearing serial number DAA335104**

WHEREAS, the United States caused to be published on the forfeiture website, internet address of www.forfeiture.gov for thirty consecutive days beginning on September 28, 2011, notice of this forfeiture and of the intent of the United States to dispose of the property in accordance with the law and as specified in the Preliminary Order and further notified all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the property;

WHEREAS, on January 6, 2012, Nathan Norman, through counsel William O. James, Jr.,

filed a Petition and Answer to Notice of Forfeiture for the following firearms:

**Norinco ACC model 320 rifle, bearing serial number: MSA08003**

**Interarms .223 caliber rifle, bearing serial number 156001**

**F.N. (FN Herstal) Model STG58C, Cal 762, SN: GRV31611 (named in the indictment as One Enterprise Arms rifle, bearing serial number 16352)**

**One MAK-90 rifle, Bearing serial number 38184**

**Colt, AR-15 rifle, bearing serial number : SP340262**

**Ruger, .22 caliber rifle, bearing serial number 112-50406**

**Remington 870 12 gauge shotgun, with no visible serial number**

**One Remington model 700 model rifle, bearing serial number E6529735,**

WHEREAS, on January 6, 2012, Mark Norman, through counsel William O. James, Jr., filed a Petition and Answer to Notice of Forfeiture for the following firearms:

**Harrington and Richardson revolver, model 949, .22 LR caliber, bearing serial number: AX156985**

**Norinco SKS rifle, bearing serial number 9450507**

**Remington Model 540 .22 rifle, bearing serial number 1205090**

and no other claims were made by any persons with respect to any of the property described herein;

WHEREAS, the Court finds that defendant had an interest in the property that is subject to forfeiture pursuant to Title 18, U.S.C.§ 922(a)(1)(A), 923, 924(d) and Title 28, U.S.C.§ 2461(c).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

>One Stag Arms, .556 caliber rifle, bearing serial number 21055,
>
>One Sig Sauer pistol, model P232, 9mm caliber, bearing serial number S226340, with one magazine,
>
>One Remington model 870 shotgun, bearing serial number B554604M,
>
>One Browning .22 caliber rifle, with no visible serial number,
>
>One Remington shotgun, bearing serial number AB280743N,
>
>One Stag Arms rifle, bearing serial number 21069,
>
>One Browning shotgun, bearing serial number 7G23292,
>
>One Remington shotgun, bearing serial number 1170375V,
>
>One Daewoo precision industries rifle, bearing serial number 323528,
>
>One Valmet (Finland) .223 caliber rifle, bearing serial number 158259,
>
>One Hunter Arms Co., double barrel shotgun, with no visible serial number,
>
>One Mauser pistol, bearing serial number 277277,
>
>One Kimber pistol model Warrior, bearing serial number K165896,
>
>One Taurus .38 special caliber revolver, bearing serial number SJ88130, and
>
>One Beretta model 3032 Tomcat .32 auto, bearing serial number DAA335104

is hereby forfeited to the United States of America pursuant to Title 18, U.S.C.§ 924(d) and Title 28, U.S.C.§ 2461(c).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all right, title, and interest in all of the property set forth above is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law; and

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

IT IS SO ORDERED this 19th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE